Nash, J.
The parties to this action in September, 1875, entered into the following contract:
“This agreement witnesseth: that whereas John Ginther of Dover township, Tuscarawas county, Ohio, has erected upon his farm in said township, a new dwelling-house, and is desirous of having the same neatly and substantially painted inside and out with three coats of the best material, and the inside work grained and varnished: Now Christian Shultz, the undersigned, and party of the first part, agrees to do said work in a proper, workmanlike manner, with the best material, and in such colors as said Ginther may select and direct. And for said work said Ginther agrees to pay said Christian Shultz the sum of one hundred and thirty-five dollars as follows: one half in hand on proper completion of the work, and the other half in* one year from the completion of the work, and should said house not be painted completely as aforesaid, with material *105 and in manner as aforesaid, then the second half of said moneys to be forfeit to said Ginther; and the like forfeit if the graining and varnishing be not properly done; and all material and labor to be found by said Christian Shultz. Said work to be completed in a reasonable time. Witness our hands this — day of September, A. D. 1875.
“ John Ginther.
Christian Shultz.”
Shultz, after the contract was entered into, furnished the materials and painted the house of Ginther. On completion of the work, Ginther paid one half of the contract price.
In the court below, Shultz brought an action to recover from Ginther the balance to become due in one year from the completion of the contract. Ginther by his answer set up the contract, and alleged that the work of Shultz had been done in an improper, unskillful and unworkmanlike manner.
Upon the trial evidence was offered showing that said work had been performed in an improper, unskillful and unworkmanlike manner, and that the material furnished was of a poor and inferior quality.
The defendant below asked the court, after the evidence had been heard, to charge the jury as follows:
“ If you find that the work and labor was performed and the material furnished under the written contract set forth by the defendant in his answer, and that said work and labor was performed in an' improper, unskillful or unworkmanlike manner, and the material furnished was of a poor and inferior quality, said work and labor and material so furnished under said contract, being the same for which this suit is brought, then you should find for the defendant in this action.”
This request was refused and exceptions taken.
The court, however, upon this subject did instruct the jury as follows:
‘‘‘If you find that the work and labor performed and *106 material furnished and for the price of which, this action was brought was done, performed and furnished under the contract set forth in the answer of defendant, and that said work and labor were performed in an improper, unskillful and unworkmanlike manner, and that said material so furnished was of an inferior quality and that the defendant accepted the same, then you should find the damage that the defendant has sustained by reason thereof and deduct said damage from the price agreed to be paid said plaintiff by the defendant for said work, labor and materials, and render a verdict in favor of the plaintiff for the balance.”
To this part of the charge the defendant excepted.
The bill of exceptions does not show that anything was done by Ginther looking toward an acceptance of the work by him.
Taking the most favorable view for the defendant in error, there was error in the failure to state (in the charge) that a substantial compliance with the contract, upon the part of Shultz, was essential to his right to recover the amount of the contract price remaining unpaid, or any part thereof. Mehurin & Son v. Stone, 37 Ohio St., 49.
Under this contract a still stronger rule should have been applied. By a true interpretation Ginther was bound to pay to Shultz $135 if the kind of work stipulated for was done, and $67.50 if this kind of work was not done, and the jury should have been so instructed.

Judgment reversed.